IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHAEL SHANNON CARMICHAEL                                                            PLAINTIFF

v.                        Civil No. 6:23-CV-06125-SOH-CDC

WARDEN JAMES EARL, Ouachita River Correctional Unit (ORCU);
ANNITTA YOUNG, Unit Administrator, Wellpath, Inc.;
JOHN DOE, Medical Corrections Duty Officer, ORCU; and
SGT. RYAN VOSS, ORCU
                                                                                   DEFENDANTS.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Michael Shannon Carmichael, an inmate currently confined at the Omega Center, Arkansas Community Corrections, filed the above-captioned pro se civil rights action under 42 U.S.C. § 1983. (ECF No. 1)  Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purposes of making a Report and Recommendation.

This Court previously granted Plaintiff's application to proceed *in forma pauperis* (IFP). (ECF No. 3).  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Upon that review and for the reasons outlined below, this Court recommends that Plaintiff's Complaint be dismissed.  Accordingly, this Court also recommends that Plaintiff's Motion for Production of Documents, (ECF No. 6), and Motion to Subpoena/Request Documents, (ECF No. 7), be denied as moot.

### I. BACKGROUND

Plaintiff says that in September 2019, he injured his leg and rectum in a football league

1

draft when he was incarcerated at the Ouachita River Correctional Unit (ORCU). (Comp.at p. 4 (ECF No. 1)).  According to Plaintiff, the medical unit at ORCU denied him proper medical care for his injuries to his hamstring, ACL, groin, and rectum. *Id.* at p. 5.  Plaintiff says that he was on the list of inmates to be seen by the medical unit, but he was turned away and the corrections officer assigned to the medical unit forged his name claiming that he refused medical treatment. *Id.*

Plaintiff also claims that the defendants initially failed to assign him to a lower bunk to accommodate his leg injury. *Id.* at p. 6.  Plaintiff says that he was granted this accommodation only after he further injured his leg. *Id.*  According to Plaintiff, he filed grievances about his medical care, but he never received treatment for his injuries. *Id.*  Plaintiff says that he was released from prison a year later, but he has not been able to obtain treatment for his injuries because his provider says that his insurance will not cover an MRI.  *Id.* at p. 8.

Plaintiff identifies the defendants in their official and individual capacities.  He requests compensatory and punitive damages, in addition to attorneys' fees and court costs associated with this action.  *Id.* at p. 9.

Plaintiff has also filed a Motion for the Production of Documents, (ECF No. 6), requesting copies of all medical grievances, incident reports, and taped interviews associated with his claims, and a Motion to Subpoena/Request Documents, (ECF No. 7), for the same.

## II. LEGAL STANDARD

Under PLRA, the Court is obligated to review the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary

2

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).  However, "they still must allege sufficient facts to support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

### III. DISCUSSION

Section 1983 itself does not include a specific statute of limitations period.  Instead, "§ 1983 claims accruing within a particular state are to be governed by that state's general personal-injury statute of limitations." *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992).  Here, Plaintiff says that the incident that gives rise to his claims took place at the ORCU in Malvern, Arkansas in September 2019.  In Arkansas, the general personal-injury statute of limitations is three years.  *Id.*; *see also Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (Arkansas three-year personal injury statute of limitations applies to § 1983 actions).

The relevant question here, then, is when did the statute of limitations begin to run. "Under the continuing course-of-treatment doctrine, a cause of action accrues 'at the end of a continuous course of medical treatment for the same or related condition even if the negligent act or omission

3

has long since ended.'" *Moss v. Corizon, Inc.*, 640 F. App'x 575, 577 (8th Cir. 2016) (quoting *Lane v. Lane*, 752 S.W.2d 25, 27 (Ark. 1988)). The doctrine, however, "does not apply 'to claims based on single, isolated acts of negligence.'" *Id.* (quoting *Pledger v. Carrick*, 208 S.W.3d 100, 104 (Ark. 2005)). In this case, however, Plaintiff claims that he was denied medical care for his injuries in September 2019, well over three years ago. *See* (ECF No. 1). There are no allegations that the treatment he received over a period of time was ineffective; rather, Plaintiff claims he received no treatment in September 2019. Plaintiff's Complaint, therefore, even when liberally construed, fails to establish a basis to suggest that the limitations period began to run sometime after September 2019. Certainly, then, there are no allegations that Plaintiff's claims arose within the three-year statute of limitations period, or sometime on or after November 28, 2020, the date he initiated his present lawsuit.[1]

Arkansas's so-called savings statute, furthermore, does not save Plaintiff's claims. Pursuant to that statute, "[i]f any action is commenced within the time . . . prescribed . . . and the plaintiff suffers a nonsuit . . . the plaintiff may commence a new action within (1) one year after the nonsuit." Ark. Code Ann. § 16-56-126. Here, however, Plaintiff does *not* claim that he first initiated this lawsuit within the three-year statute of limitations period but the case was later dismissed without reaching a decision on the merits. Indeed, Plaintiff asserts on the face of the Complaint that he has not previously initiated a federal lawsuit concerning this same set of facts. (Comp. at p. 10 (ECF No. 1)). Accordingly, Plaintiff's Complaint should be dismissed without

---

[1] To the extent that Plaintiff's claim is that the Defendants denied his grievances concerning their failure to provide proper medical care in September 2019, responding to a grievance does not in itself create a basis for liability under § 1983. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam)("A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.") (internal quotation omitted).

prejudice as time-barred. Plaintiff's Motion to Produce Documents, (ECF No. 6), and Motion to Subpoena/Request Documents, (ECF No. 7), should therefore be denied as moot.

## IV. CONCLUSION

In sum, having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, this Court recommends that: Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE.** Plaintiff's Motion to Produce Documents, (ECF No. 6), and Motion to Subpoena/Request Documents, (ECF No. 7), should therefore be denied as moot. Further, Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g), and thus, the Clerk is **DIRECTED** to place a § 1915(g) strike flag on the case for future judicial consideration.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 14th day of December 2023.

*/s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

5